On petitioner's motion to reconsider order of dismissal filed May 18, motion to reconsider allowed; order of dismissal adhered to November 4, 1992

## MARVIN NORBY,
*Petitioner,*

*v.*

## SANTIAM CORRECTIONAL INSTITUTION,
Corrections Department,
*Respondent.*

## (12-91-147; CA A74448)

841 P2d 1

Marvin Norby, Salem, *pro se*, for the petition.

Before Rossman, Presiding Judge, and Riggs and De Muniz, Judges.

PER CURIAM

## PER CURIAM

Petitioner filed a petition for judicial review of a March 16, 1992, disciplinary order. ORS 421.195 requires that the petition be filed within 30 days of the date of the order. We received the petition on April 17, 1992, and dismissed it as untimely filed. We grant the motion to reconsider.

Petitioner argues that, under *Houston v. Lack*, 487 US 266, 108 S Ct 2379, 101 L Ed 2d 245 (1988), a document mailed by an inmate is to be considered filed when it is given to prison staff for mailing. He argues that his petition was timely, because the time stamp shows that the Department of Corrections received it on April 13, 1992, at 3:34 p.m.

*Lack* was decided under federal law, 28 USC § 2107; FRAP 4(q)(1), and is not controlling. ORS 19.028 applies to petitions for judicial review. ORS 19.028(3). "Filing" of a petition for review may be accomplished by mail. However, timeliness depends on the date of mailing, if the notice is sent by registered or certified mail. Otherwise, filing occurs on the date that the petition is received by the court.

Petitioner makes no federal or state constitutional arguments.

Motion to reconsider allowed; order of dismissal adhered to.