On petitioner's Motion for Extension of Time filed March 26, and Motion of Arlen Porter Smith for a Waiver of Portions of the Provisions of ORAP 8.15 and for Leave to File *Amicus Curiae* Brief filed November 17; and on respondent's Motion to Strike filed November 18, 1993, Motion of Arlen Porter Smith for waiver of ORAP 8.15 and leave to file *amicus* brief denied; petitioner's motion for extension of time deemed moot; respondent's motion to strike petition denied February 16, 1994

### MICHAEL HICKEY,
*Petitioner,*

*v.*

### OREGON STATE PENITENTIARY, DEPARTMENT OF CORRECTIONS,
*Respondent.*

(09-92-075; CA A77274)

868 P2d 791

Michael Hickey, *pro se*, for petition.

Michael D. Reynolds, Assistant Solicitor General, for respondent.

Before Riggs, Presiding Judge, and De Muniz, Judge, and Buttler, Senior Judge.

BUTTLER, S. J.

## BUTTLER, S. J.

Petitioner, an inmate in the Oregon State Penitentiary, filed a petition, *pro se*, for judicial review of a final order entered by respondent on September 28, 1992, following a disciplinary hearing. He delivered his petition to prison officials for mailing to this court and the Attorney General on October 13, 1992, within the 30 days permitted by ORS 421.195. However, the petition was not received by the court until October 30, 1992, more than 30 days after the date of the order on which review was sought. On our own motion, we dismissed the petition for judicial review on November 18, 1992.

Petitioner moved for reconsideration on December 17, 1992. We denied that motion on February 17, 1993. On March 23, 1993, petitioner filed a petition for review asking the Supreme Court to review and reverse our February 17, 1993, order. The petition for review was due no later than December 23, 1992, because the motion for reconsideration did not toll the running of the time for filing a petition for review. *Former* ORAP 9.15(6).[1] When he filed his petition for review, petitioner also filed a motion for extension of time within which to file his complete petition for review, which we understand to mean his brief in support of the petition. It is apparent from the latter motion that petitioner believed erroneously that his petition for review was due 35 days after the order was entered denying his motion for reconsideration.

Respondent filed a motion to strike petitioner's petition for review on November 18, 1993, for the reason that it was not timely filed. Under ORAP 9.05, the petition for review was not timely, because it was not filed "within 35 days from the date of the Court of Appeals decision." The decision that petitioner seeks to have reviewed is the November 18, 1992, order dismissing his petition for judicial review of respondent's order, not the order denying his motion for reconsideration of that order. *Former* ORAP 9.15(6).

■■ The rules of appellate procedure are not jurisdictional; they may be waived. In his *pro se* petition for judicial

---

[1] ORAP 9.15 no longer exists. As of January 1, 1994, the petition for review is not considered to be a petition for reconsideration by the Court of Appeals.

review, petitioner has raised substantial constitutional questions, the answers to which will affect many OSP inmates whose *pro se* petitions are not timely received by the court, even though they are delivered to the prison authorities within the required time. Those questions have been thoroughly briefed by petitioner and by *amicus curiae*, Oregon Criminal Defense Association. Judicial economy and fundamental fairness to the many persons who will be affected by a decision on the merits of the question presented justify a waiver of our rule in this case.

■ Accordingly, we deny respondent's motion to strike. In order to reconsider our order denying reconsideration, we will consider the briefs in support of the petition for review filed by petitioner and *amicus*. Respondent shall have 21 days from the date of this order within which to file a brief in opposition. Arlen Porter Smith, an inmate at OSP who is not an attorney, has requested permission to file a brief as *amicus* and has filed a motion requesting that we waive the requirement of ORAP 8.15(2) that an *amicus* be an active member of the Oregon State Bar. The case has been thoroughly briefed by petitioner and an *amicus*, and we perceive no compelling reason to waive the rule. Therefore, we deny his motion.

Motion of Arlen Porter Smith for waiver of ORAP 8.15 and leave to file *amicus* brief denied; petitioner's motion for extension of time deemed moot; respondent's motion to strike petition denied. Respondent shall have 21 days from the date of this order to serve and file a brief on the merits.