On petitioner's petition for reconsideration filed March 23, 1993, reconsideration allowed; order filed February 17, 1993 dismissing petition for judicial review vacated May 4, 1994

MICHAEL HICKEY,
*Petitioner,*

*v.*

OREGON STATE PENITENTIARY,
Department of Corrections,
*Respondent.*

(09-92-075; CA A77274)

874 P2d 102

David K. Allen filed a brief *amicus curiae* for Oregon Criminal Defense Lawyers Association.

Before Riggs, Presiding Judge, and De Muniz, Judge, and Buttler, Senior Judge.

BUTTLER, S. J.

## BUTTLER, S. J.

Petitioner, an inmate in the Oregon State Penitentiary, seeks judicial review of a final order entered September 28, 1992, following a disciplinary hearing, placing him in segregation for 14 days. Although he delivered his *pro se* petition to prison officials for mailing to this court and the Attorney General within the 30 days permitted by ORS 421.195, it was not received by the court until October 30, 1992, more than 30 days after the date of the order that he seeks to have reviewed. On November 18, 1992, we dismissed his petition on our own motion. Petitioner then moved for reconsideration. After we denied that motion, petitioner filed a petition for review, which was not timely under *former* ORAP 9.15(6). Respondent moved to strike that petition; we denied that motion. *Hickey v. OSP*, 126 Or App 405, 868 P2d 791 (1994). We now grant petitioner's motion for reconsideration of our November 18, 1992, order and proceed to reconsider our order dismissing petitioner's petition for judicial review on the ground that it was not timely filed.

The underlying question presented is whether a petition for judicial review that is submitted *pro se* by an inmate who is confined in the penitentiary must be considered to have been filed with the court and received by the respondent when it is delivered timely to the prison authorities designated by the institution to receive such documents, even though the petition is not filed by the prison authorities within the time required by statute or ORAP. The problem is a constantly recurring one that arises only after this court dismisses the petition, as here and in *Norby v. Santiam Correctional Institution*, 116 Or App 239, 841 P2d 1 (1992), and presents serious constitutional questions under Article I, section 20, of the Oregon Constitution and under the Fifth and Fourteenth Amendments to the United States Constitution. It is for those reasons that we decided to reconsider our dismissal of petitioner's petition for judicial review in this case.

Under ORS 421.195,[1] an order placing an inmate in segregation and isolation for more than seven days is subject

---

[1] ORS 421.195 provides:

"If an order places an inmate in segregation or isolation status for more than seven days, institutionally transfers the inmate for disciplinary reasons or provides for nondeduction from the term of the sentence under ORS 421.120(1)(a) and (b), the order and the proceedings underlying the order are

to review by this court on petition for review filed within 30 days of the order for which review is sought. *See also* ORS 19.026(1).[2] Filing may be accomplished by mail, in which case the date of filing is the date of mailing, provided that the petition is mailed by registered or certified mail and the filing party has proof from the post office of the mailing date; if the notice is received by the court on or before the deadline, proof of mailing is not required. ORS 19.028(1) and (3);[3] ORAP 1.35.[4] Filing and service of the notice or petition are jurisdictional and may not be waived or extended. ORS 19.023(2). *But see* ORS 421.195.

---

subject to review by the Court of Appeals upon petition to that court filed within 30 days of the order for which review is sought. The department shall transmit to the court the record of the proceeding, or, if the inmate agrees, a shortened record. A copy of the record transmitted shall be delivered to the inmate by the department. The court may affirm, reverse or remand the order on the same basis as provided in ORS 183.482. The filing of the petition shall not stay the department's order, but the department may do so, or the court may order a stay upon application on such terms as it deems proper."

[2] ORS 19.026(1) provides:

"Except as provided in subsections (2) and (3) of this section, the notice of appeal shall be served and filed within 30 days after the judgment appealed from is entered in the register."

[3] ORS 19.028(1) and (3) provide:

"(1) Filing a notice of appeal in the Court of Appeals or the Supreme Court may be accomplished by mail. The date of filing such notice shall be the date of mailing, provided it is mailed by registered or certified mail and the party filing the notice has proof from the post office of such mailing date. Proof of mailing shall be certified by the party filing the notice and filed thereafter with the court to which the appeal is taken. If the notice is received by the court on or before the date by which such notice is required to be filed, the party filing the notice is not required to file proof of mailing.

"* * * * *

"(3) Except as otherwise provided by law, the provisions of subsections (1) and (2) of this section are applicable to petitions for judicial review, cross[-] petitions for judicial review and petitions under the original jurisdiction of the Supreme Court or Court of Appeals."

[4] ORAP 1.35 provides, in part:

"(1) Filing

"(a) Any thing to be filed in the Supreme Court or Court of Appeals shall be delivered to the State Court Administrator, Records Section, Supreme Court Building, 1163 State Street, Salem, Oregon 97310.

"(b) Filing may be accomplished by mail and shall be complete on deposit in the mail in the following circumstances:

"* * * * *

"(c) If filing is not done as provided in subsection (b) of this section, then filing shall not be timely unless the thing is actually received by the Administrator within the time fixed for filing."

 Although a right of appeal is a matter of statute, not of right, even in criminal cases, *McKane v. Durston*, 153 US 684, 14 S Ct 913, 38 L Ed 867 (1894); *State v. Carmickle*, 307 Or 1, 762 P2d 290 (1988), when the right exists, it must be made available to all who wish to appeal, and the terms under which appeal is allowed must represent a fair and meaningful opportunity for review. *State v. Balfour*, 311 Or 434, 439-40, 814 P2d 1069 (1991). A petition for judicial review is a form of appeal. *See* ORS 19.028(3). The statute and rule are reasonable enough for those who are not incarcerated or, if incarcerated, are represented by counsel; they are not, however, if they are applied literally to persons who are incarcerated and are representing themselves. Although such persons may use the mails if they have funds to do so, they have no way of acquiring the proof from the post office necessary to satisfy the statute or rule. If they are without funds, they may not even rely on the mail. In either case, they must rely on timely delivery or mailing by the prison authorities. Without attributing bad faith to the prison authorities, there are occasions, as here, when, without the fault of the inmate, the documents are mailed or delivered too late to comply with the law.

Petitioner and *amicus* argue that, under Article I, section 20, of the Oregon Constitution,[5] distinctions between groups constitute impermissible class legislation if they create an invidious classification, and that a classification is invidious if the government "has made or applied a law so as to grant or deny privileges or immunities to an individual person without legitimate reasons related to that person's individual situation" unless "the law leaves it open to anyone to bring himself or herself within the favored class on equal terms." *State v. Clark*, 291 Or 231, 239-41, 630 P2d 810 (1981). Because, they argue, there is no way in which *pro se* inmate litigants can bring themselves within the class of persons who are able, by their own actions, to assure compliance with the mandates of ORS 421.195, ORS 19.026, ORS 19.028 and ORAP 1.35, Article I, section 20, is violated.

---

[5] Oregon Constitution, Article I, section 20, provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

Because of our disposition of the case, we do not decide that question.

The United States Supreme Court has dealt with this problem on two occasions, in each case holding that the notice of appeal was timely, notwithstanding that it was not filed within the statutorily required time, although it had been delivered to the prison authorities timely. In *Fallen v. United States*, 378 US 139, 84 S Ct 1689, 12 L Ed 2d 760 (1964), the Court held that, even though the timely filing of the notice of appeal was jurisdictional, the appellant "had done all that could reasonably be expected to get the letter to its destination within the required 10 days." 378 US at 144. In a concurring opinion, Justice Stewart stated that he would resolve the matter by holding that, in this type of case, the jailer would be treated as the clerk.

The Court reconsidered the question in *Houston v. Lack*, 487 US 266, 108 S Ct 2379, 101 L Ed 2d 245 (1988), in which it adopted the essence of the concurring opinion in *Fallen*. The Court noted that the circumstances of *pro se* inmates are "unique," stating:

"Unlike other litigants, pro se prisoners cannot personally travel to the courthouse to see that the notice is stamped 'filed' or to establish the date on which the court received the notice. Other litigants may choose to entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers, but only the pro se prisoner is forced to do so by his situation. And if other litigants do choose to use the mail, they can at least place the notice directly into the hands of the United States Postal Service (or a private express carrier); and they can follow its progress by calling the court to determine whether the notice has been received and stamped, knowing that if the mail goes awry they can personally deliver notice at the last moment or that their monitoring will provide them with evidence to demonstrate either excusable neglect or that the notice was not stamped on the date that the court received it. Pro se prisoners cannot take any of these precautions; nor, by definition, do they have lawyers who can take these precautions for them. Worse, the pro se prisoner has no choice but to trust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay." 487 US at 271.

The Court concluded that the statutes and rules did not contemplate the unique circumstances of a *pro se* inmate; therefore, it would not be inappropriate to conclude that a notice of appeal is "filed" within the meaning of the statute "at the moment it is delivered to prison officials for forwarding to the clerk of the district court." Having decided the case on a subconstitutional basis, there was no constitutional question to be decided.

It is correct, as we said in *Norby v. Santiam Correctional Institution, supra,* that *Houston v. Lack, supra,* involved federal statutes and rules and, therefore, its holding is not binding on this court. However, by interpreting the statutes and rules as it did, the Court avoided discussing or deciding any constitutional questions that otherwise might have been presented. If that is possible here, we should follow suit. ORS 421.195 requires that the petition for judicial review be *filed* within 30 days after the order for which review is sought. Unlike ORS 19.033(2), ORS 421.195 does not say where the petition is to be filed and does not specifically provide, as does ORS 19.033(2), that filing with the Court of Appeals is jurisdictional, although ORS 19.028(3) provides that subsections (1) and (2), permitting service by mail, are applicable to petitions for judicial review. However, we assume that, because the petition is to this court, it must be filed with the court and that the time within which it must be filed is intended to be jurisdictional.

Nevertheless, there is no statutory amplification as to the mechanics of exactly where or how the document is to be filed. The mechanical details of filing are set forth in ORAP 1.35(1), which requires delivery to the State Court Administrator, Records Section, in the Supreme Court Building in Salem. Those rules are creatures of the appellate courts, are not jurisdictional and do not take into account the circumstances confronted by a prison inmate, acting *pro se*, seeking judicial review of a department order. There is no way for the inmate to deliver the petition in the manner set forth in the rule. The best that a *pro se* inmate petitioner can do is to deliver the petition timely to the designated prison authority for filing pursuant to ORAP 1.35(1) and make a record of the date of delivery; for the rest of the process, the inmate must necessarily rely on the good faith and diligence of prison

authorities who, if they have any stake in the matter at all, it is as employees of the adverse party who might have reason to delay delivery pursuant to the rule.

■ We perceive no reason why this court may not interpret ORAP 1.35 to mean that, in these circumstances, the petition shall be deemed to have been filed at the time it is delivered to the person authorized by the institution to accept delivery for forwarding to the State Court Administrator pursuant to ORAP 1.35. By doing so, we avoid the constitutional problem. Because it is not disputed that petitioner delivered his petition to that prison authority within the allotted time, we now hold that we erred in dismissing his petition as being untimely.

Reconsideration allowed; order dismissing petition for judicial review vacated.