Submitted on record and briefs June 23, 1995; resubmitted In Banc April 16, affirmed May 22, petition for review allowed October 8, 1996 (324 Or 305)

**Barry Joe STULL,**
*Appellant,*

*v.*

**Mary M. HOKE,**
**Nancy C. Antal and Brownstein,**
**Rask, Sweeney, Grim, Kerr & Desylvia,**
*Respondents.*

(9405-03716; CA A86270)

917 P2d 69

Mark W. Potter, Edward S. McGlone III and Wallace & Klor, P.C., filed the brief for respondent Mary M. Hoke.

Donald W. McEwen, Janice N. Turner and McEwen, Gisvold, Rankin, Carter & Streinz filed the brief for respondents Nancy C. Antal and Brownstein, Rask, Sweeney, Grim, Kerr & DeSylvia.

EDMONDS, J.

## EDMONDS, J.

Plaintiff appeals from the ORCP 21 dismissal of his claims for intentional and reckless infliction of emotional distress, fraud, conversion and assumpsit against defendants. We affirm.

In April and May 1994, plaintiff was incarcerated in the Oregon Department of Corrections Columbia River Correctional Institution. He tendered the complaint in this case to the prison librarian on April 11, 1994, together with an "Affidavit of Poverty" and a request for deferral of filing fees. He requested that the librarian mail the papers to the Multnomah County Court Administrator for filing. Although the court administrator received the papers on April 13, the complaint was not filed until after the court granted the fee deferral request on May 31, 1994. Thereafter, a process server purported to serve defendants with summonses and copies of the complaint.

After the complaint was filed, and service was purportedly obtained, defendants moved to dismiss the action on alternative grounds. Defendants Antal and Brownstein *et al* (Brownstein) moved to dismiss plaintiff's complaint pursuant to ORCP 21 A(5), on the ground that they had not been properly served with process. Alternatively, they moved to dismiss on the ground that plaintiff's claims were not commenced within the applicable statute of limitations. ORCP 21 A(9). Defendant Hoke also filed multiple motions to dismiss, including a motion to dismiss on the ground that plaintiff's action had not been commenced within the applicable statute of limitations and a motion to make specified claims more definite and certain. ORCP 21 D.

The trial court granted all motions except Hoke's motion to dismiss plaintiff's first claim for relief on the ground that it did not state ultimate facts sufficient to allege a claim. ORCP 21 A(8). It reasoned that Antal and Brownstein had not been properly served and did not reach their motion seeking dismissal based on the applicable statute of limitations. As to defendant Hoke, the trial court granted her motion to dismiss on the basis that the claims against her had not been commenced within the time period permitted by

the applicable statutes of limitations. It then granted leave for plaintiff to replead his "complaint" within 15 days and ordered that unless repled, the complaint would be dismissed in its entirety. When no amended complaint was filed within the time allotted, judgment for defendants was entered accordingly.

The complaint on which the trial court based its ruling regarding Hoke's motion alleges conduct on the part of defendants in connection with an underlying forcible entry and detainer action in which plaintiff was the defendant and defendant Hoke was the plaintiff. Hoke was represented by defendants Antal and Brownstein (Antal's law firm at the time) in those proceedings. The first count of the complaint alleges a claim against Hoke based on an alleged debt owed by Hoke to plaintiff. It does not involve Antal and Brownstein. The second, third and fourth counts allege claims of infliction of emotional distress and fraud against all defendants. The final count alleges a claim of conversion only against Hoke.

Plaintiff appeals and makes numerous assignments of error. However, we need not reach plaintiff's assignments of error concerning the dismissal of the complaint against Antal and Brownstein on the ground of improper service because even if the trial court erred concerning those rulings, all of plaintiff's claims were filed untimely. *See Allen v. The Heil Company*, 285 Or 109, 122, 589 P2d 1120 (1979) (holding that where there is an alternative basis for upholding a trial court's ruling, an appellate court will affirm the trial court even if the ruling on which the appeal was based was error).

■ Plaintiff's complaint was filed on May 31, 1994, and all of his claims are untimely because they were brought after the applicable statutes of limitation expired. Plaintiff's first claim is based on an alleged indebtedness and states that on or about May 5, 1987, Hoke "became indebted" to plaintiff. That claim is governed by ORS 12.080 which imposes a six-year statute of limitations. The remainder of the claims, according to plaintiff's complaint, are based on alleged conduct on the part of defendants which occurred and were known to have occurred to plaintiff no later than May 22, 1992.

■    In order to survive the applicable statute of limitations, plaintiff's claims for infliction of emotional distress and conversion must have been brought within two years of the date of the alleged injury, May 22, 1994. ORS 12.110(1). Similarly, plaintiff's claim of fraud must be brought within two years of the discovery of the fraudulent acts. ORS 12.110(1).

Plaintiff seeks to avoid the effects of the statutes by arguing that the action should be deemed to have been filed as of April 11, 1994, the date he delivered the complaint to the librarian. He relies on *Hickey v. OSP*, 127 Or App 727, 874 P2d 102 (1994). In that case, we held that the relevant date for the purpose of determining the timeliness of a prisoner's petition for judicial review of a prison disciplinary action is the date on which the prisoner delivers the papers to the responsible person in the institution for filing, rather than the date of actual filing with the court. We stated:

> "Nevertheless, there is no statutory amplification as to the mechanics of exactly where or how the document is to be filed. The mechanical details of filing are set forth in ORAP 1.35(1), which requires delivery to the State Court Administrator, Records Section, in the Supreme Court building in Salem. Those rules are creatures of the appellate courts, are not jurisdictional and do not take into account the circumstances confronted by a prison inmate, acting *pro se*, seeking judicial review of a department order. There is no way for the inmate to deliver the petition in the manner set forth in the rule. The best that a *pro se* inmate petitioner can do is to deliver the petition timely to the designated prison authority for filing pursuant to ORAP 1.35(1) and make a record of the date of delivery; for the rest of the process, the inmate must necessarily rely on the good faith and diligence of prison authorities who, if they have any stake in the matter at all, it is as employees of the adverse party who might have reason to delay delivery pursuant to the rule." *Id.* at 733-34.

■    Our holding in *Hickey* is inapposite, and does not assist plaintiff. The librarian of the Columbia River Correctional Institution is not an agent of defendants for purposes of service. Moreover, the running of the statutes of limitations under plaintiff's theory was not due to any dilatory conduct of the librarian. The librarian promptly sent the papers

to the courthouse for filing after receiving them from plaintiff, and they arrived at the trial court administrator's office two days after plaintiff gave them to the librarian. As to four of the claims, the statute arguably expired while the complaint was awaiting filing pending approval of the fee deferral request. Also, plaintiff does not appear to argue that the procedures followed in that connection or the time that was allowed to elapse in the trial court provide a basis for reversal. Because the statutes of limitations have expired as to plaintiff's claims against all defendants, we need not reach the question whether defendants Antal and Brownstein were properly served. Even if the trial court was incorrect regarding that ruling, its dismissal of plaintiff's complaint was proper on an alternative ground.

Affirmed.