Submitted on record and briefs March 5, decision of the Court of Appeals affirmed in part and reversed in part, and case remanded to the Court of Appeals November 14, 1997

Barry Joe STULL,
*Petitioner on Review,*

*v.*

Mary M. HOKE,
Nancy C. Antal and Brownstein, Rask,
Sweeny, Grim, Kerr & DeSylvia,
*Respondents on Review.*

(CC 940503716; CA A86270; SC S43523)

948 P2d 722

Barry Joe Stull, petitioner on review, filed the petition *pro se*.

Donald W. McEwen and Christine Coers-Mitchell, of McEwen, Gisvold, Rankin, Carter & Streinz, L.L.P., Portland, filed a brief on the merits on behalf of respondents on review Antal and Brownstein, Rask, Sweeny, Grim, Kerr & DeSylvia.

Lindsey H. Hughes, of Hallmark, Keating & Abbott, P.C., Portland, filed a brief on behalf of *amicus curiae* Oregon Association of Defense Counsel.

Richard S. Yugler, Maureen Leonard, and Jason Ring, Certified Law Student, Portland, filed a brief on behalf of *amicus curiae* Oregon Trial Lawyers Association.

No appearance by respondent on review Hoke.

KULONGOSKI, J.

**KULONGOSKI, J.**

The primary issue in this case is when a civil action is deemed commenced, for purposes of the statute of limitations, when the plaintiff who files the complaint is an indigent person who is incarcerated in a prison facility. For the reasons explained below, we hold that, in these circumstances, the action commences when the complaint is received by the court.

Plaintiff, an inmate at the Columbia River Correctional Institution, delivered a complaint to the prison law librarian on April 11, 1994, with the intent that it be mailed to the Multnomah County Circuit Court for filing. The handwritten complaint charged defendants Hoke, Antal, and the law firm of Brownstein, Rask, Sweeny, Grim, Kerr & DeSylvia (Brownstein) with, among other things, intentional infliction of emotional distress, fraud, and conversion.[1] Included with the complaint was an "Affidavit of Poverty" and an application for deferral of filing fees. On April 13, 1994, the Multnomah County Circuit Court Administrator (the administrator) received the complaint and fee-deferral application. More than six weeks later, on May 31, 1994, the circuit court granted the fee-deferral application, and the complaint was stamped "filed" by the administrator. Defendant Hoke was served on June 4, 1994, and defendants Antal and Brownstein were served on June 10, 1994, with summonses and copies of the complaint.

Defendants Antal and Brownstein moved to dismiss the action on the ground that they had not been served properly, ORCP 21 A(5), and the circuit court granted that motion as to those defendants.[2] Defendant Hoke moved to dismiss the action, *inter alia*, on the ground that plaintiff's action was not commenced within the applicable statutes of limitations,

---

[1] The complaint also charged defendant Hoke with assumpsit. The Court of Appeals concluded that that claim was time barred, because the six-year statute of limitations had expired in 1993 on that claim. Plaintiff has not challenged that decision, and we do not address it.

[2] Defendants Antal and Brownstein also moved to dismiss the action on the ground that the relevant statutes of limitations had run. The circuit court did not consider that ground with respect to those defendants.

ORCP 21 A(9). The circuit court granted that motion as to defendant Hoke.

Plaintiff appealed, and the Court of Appeals affirmed, concluding that all the claims at issue on appeal involving all three defendants were time barred, because the action was not commenced until May 31, 1994, the date on which the administrator stamped the complaint "filed." *Stull v. Hoke*, 141 Or App 150, 917 P2d 69 (1996). We affirm in part and reverse in part the decision of the Court of Appeals.

ORS 12.020 governs the commencement of actions for purposes of statutes of limitations. Under that statute, an action is not deemed commenced until it has been "filed." There are three possible answers to the question when plaintiff's complaint in this case should be deemed filed: (1) when the complaint was delivered to an authorized prison official with the intent that it be filed with a court (April 11); (2) when the complaint was received by the court (April 13); or (3) when a court clerk "filed" the complaint after a fee-deferral application had been granted (May 31).[3]

■   As a preliminary matter, *amicus* Oregon Association of Defense Counsel (OADC) asserts that plaintiff argued only the first alternative at trial and in the Court of Appeals and, consequently, that he failed to preserve the second alternative for review in this court. *Amicus* Oregon Trial Lawyers

---

[3] The chart below sets out when the various claims accrued and the effect of the three proposed filing/commencement dates concerning the respective statutes of limitations.

| Type of Claim | Date Claim Accrued | Statute of Limitation | Last Date for Timely Filing | Result of "Mailbox Rule" 4/11/94 | Result of "Relation Back" to Delivery 4/13/94 | Result of "Fee Waiver Order" 5/31/94 |
|---|---|---|---|---|---|---|
| Assumpsit 1st Claim | 5/5/87 | 6 years ORS 12.080 | 5/5/93 | Barred | Barred | Barred |
| Intentional Infliction 2nd Claim | 4/10/92 | 2 years ORS 12.110 | 4/11/94 | Timely | Barred | Barred |
| Fraud 3rd Claim | 4/10/92 | 2 years ORS 12.110 | 4/11/94 | Timely | Barred | Barred |
| Intentional Infliction 4th Claim | 4/30/92 | 2 years ORS 12.110 | 4/30/94 | Timely | Timely | Barred |
| Conversion 5th Claim | 5/22/92 | 2 years ORS 12.110 | 5/22/94 | Timely | Timely | Barred |

Association (OTLA) agrees that plaintiff failed to argue in the Court of Appeals, in the alternative, that his action was "filed" and thereby commenced at the time that it was first received by the trial court. We find that the issue was preserved sufficiently under the standards set out in *State v. Hitz*, 307 Or 183, 766 P2d 373 (1988), because plaintiff raised and preserved the broader legal issue—whether the trial court erred in holding that his claims were barred by the statute of limitations. Under the rationale in *Hitz*, a specific alternate argument regarding that issue can be raised for the first time in this court.

■     In order to decide whether the Court of Appeals erred in concluding that all plaintiff's claims were time barred, this court must determine, as one part of that inquiry, at what point the action is deemed to have been commenced. ORS 12.020 governs the commencement of an action for purposes of statutes of limitations. Therefore, the question is one of statutory interpretation. In construing a statute, this court is responsible for identifying the correct interpretation, whether or not asserted by the parties. Consequently, we consider all three of the alternative possible answers to the question when this action should be deemed to have been commenced.[4]

■     In construing a statute, this court's task is to discern the intent of the legislature. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). To discern legislative intent, this court first looks to the text and context of the statute. *Id.* at 610-11. If the intent of the legislature is clear from text and context, then we proceed no further. *Ibid.*

ORS 12.020 provides:

"(1)  Except as provided in subsection (2) of this section, for the purpose of determining whether an action has been commenced within the time limited, *an action shall be*

---

[4] The Court of Appeals concluded that the action was filed and commenced on May 31, 1994, the date when plaintiff's fee-deferral application was granted. In reaching that conclusion, the Court of Appeals implicitly concluded that plaintiff's complaint was filed *neither* when he delivered the complaint to prison authorities *nor* when the trial court clerk received the complaint.

*deemed commenced as to each defendant, when the complaint is filed, and the summons served on the defendant* * * *.

"(2)  If the first publication of summons or other service of summons in an action occurs before the expiration of 60 days after the date on which the complaint in the action was filed, the action against each person of whom the court by such service has acquired jurisdiction *shall be deemed to have been commenced upon the date on which the complaint in the action was filed*." (Emphasis added.)

The text of subsection (1) makes clear that an action must be both "filed" and a "summons served" before the action shall be deemed "commenced." The text of subsection (2), in turn, provides that, when a summons is served within 60 days of the filing, then the action shall be deemed "commenced" upon the filing. Under any of the three proposed interpretations of when the filing occurred in this case, service occurred within 60 days of that filing. Thus, plaintiff's action is deemed to have "commenced" on the date that it was "filed."[5]

■      The term "filed" is not defined in reference to ORS 12.020(1). It does, however, have a well-defined legal meaning and, therefore, we typically use that meaning in interpreting the term when used in a statute. *See Gaston v. Parsons*, 318 Or 247, 253, 864 P2d 1319 (1994) (explaining principle). This court has consistently interpreted the term "filing" to mean that filing of a document "occur[s] when [the] document is given to a clerk with the intention that it be filed." *See Blackledge v. Harrington*, 289 Or 139, 143, 611 P2d 292 (1980) (interpreting the term "filed" in a statute relating to appellate notice); *see also Charco, Inc. v. Cohn*, 242 Or 566, 571, 411 P2d 264 (1966) (using the same interpretation of the term "filed" in a statute relating to the transmission of orders signed by a judge to the court clerk); *Highway Commission v. Fisch-Or*, 241 Or 412, 415, 406 P2d 539 (1965) (using the same interpretation of the term "filed" in statute relating to motions for judgments notwithstanding the verdict); *Bade v. Hibberd*, 50 Or 501, 503-04, 93 P 364 (1908) (using the same

_____

[5] Under plaintiff's interpretation, the earliest filing date would have been April 11, the date that he delivered his complaint to the prison librarian. The last service of process occurred on June 10, exactly 60 days later.

interpretation as the general definition of the term "filed" with respect to court documents). *See also Black's Law Dictionary*, 628 (6th ed 1990) (defining "[f]iling with the court" to mean the "[d]elivery of legal document to clerk of court or other proper officer with intent that it be filed with court").[6]

■ Applying that well-established legal meaning to the facts of this case rules out the possibility that filing occurs only after the court grants a fee-deferral application and stamps the complaint "filed." That is true because an indigent claimant "intends" that his or her complaint be filed at the time that the complaint is delivered to a court, which is the same time when a claimant who is able to pay a filing fee is able to have a complaint filed. However, this meaning leaves open to question whether an incarcerated *pro se* claimant's "giving" of a complaint "to a clerk" occurs upon delivery to a prison official with the intent that it be filed with a court, or only upon delivery to and receipt by a court clerk.

OADC argues that ORS 21.110 provides contextual support for its contrary interpretation that "filing," as used in ORS 12.020, occurred only after the trial court granted plaintiff's fee-deferral application. ORS 21.110 governs filing fees for civil actions and appeals in circuit courts and *now* provides, in part:

"A paper or pleading shall be filed by the clerk only if the required fee is paid or if a request for a fee waiver or deferral is granted by the court."

OADC argues that that provision deems a "filing" to occur only after a filing fee is paid or a fee waiver or deferral is granted. OADC argues that the legislature intended the term "filed" in ORS 12.020 to have that same meaning. We disagree.

For purposes of this case, even assuming that the present version of ORS 21.110 provides contextual support for OADC's position, it did not exist at the time that plaintiff filed his complaint in 1994.[7] Therefore, it cannot be context

---

[6] *Black's Law Dictionary* also defines "constructive filing" to mean "[t]he filing of a document with a person who is the only one available to receive it, though he is not the designated person to receive it." *Id.* at 313-14.

[7] The version of ORS 21.110 on which OADC relies was enacted in 1995. Or Laws 1995, ch 273, § 8.

for what the legislature intended the term "filed" to mean under ORS 12.020 in 1994. The version of ORS 21.110 in place in 1994 provided:

> "No paper or pleading shall be deemed filed unless the required fee is paid."

That version of the statute did not address at all the situation in which an application for fee deferral or waiver is involved. It addressed only the situation in which a fee is required.

ORCP 9 does provide contextual clues for this inquiry. It governs the "Service and Filing of Pleadings and Other Papers" in a civil action. Subsection E defines "filing" for that purpose:

> "The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court or the person exercising the duties of that office. The clerk or the person exercising the duties of that office shall endorse upon such pleading or paper the time of day, the day of the month, month, and the year. The clerk or the person exercising the duties of that office is not required to receive for filing any paper unless the name of the court, the title of the cause and the paper, and the names of the parties, and the attorney for the party requesting filing, if there be one, are legibly endorsed on the front of the document, nor unless the contents thereof are legible."

Although ORCP 9 E does not define the precise moment when a pleading or paper shall be deemed filed, it does enumerate certain circumstances in which the clerk is *not* required to receive a pleading for filing. The failure to pay the filing fee or to receive, in advance, a fee waiver or deferral is not such a circumstance. Consequently, it can be inferred from that provision that a clerk in 1994 *was* required to receive for filing, and to endorse as filed, a pleading in those circumstances. That same terminology also indicates that filing does not occur until a court clerk receives a paper. Under that interpretation, filing, as that term is used in ORS 12.020, could not occur at a time before the court clerk (or the person exercising the duties of the court clerk) receives the paper or pleading.

OTLA and plaintiff argue that, as a matter of policy, this court should construe the term "filed" to occur when an incarcerated plaintiff delivers his or her complaint to prison officials. OTLA argues that, after that time, an incarcerated plaintiff has no control over whether the complaint is actually delivered to the court and, if so, how soon. As support for their position, OTLA and plaintiff note that, under both Oregon and federal law, an incarcerated appellant's criminal appeal is deemed filed when notice of the appeal is given to appropriate prison authorities with the intent that the notice be delivered to the court. *See Houston v. Lack*, 487 US 266, 271, 108 S Ct 2379, 2382, 101 L Ed 2d 245 (1988) (so holding under federal law); *Hickey v. OSP*, 127 Or App 727, 734, 874 P2d 102 (1994) (so holding under Oregon law).[8]

Those authorities are not persuasive. In *Hickey*, the Court of Appeals interpreted a court rule. In this case, we are interpreting a statute. Whatever the appeal of OTLA's policy argument, the text and context of the term "filed" in ORS 12.020 do not support the interpretation that OTLA and plaintiff advocate.

Based on the text and context of ORS 12.020, we conclude that, in the type of situation presented in this case, the operative moment for "filing" an action is when the court clerk or a person exercising the duties of that office receives the complaint. In this case, the trial court received the complaint on April 13, 1994. On that date, one of plaintiff's claims for intentional infliction of emotional distress and the claim for conversion were not time barred. The remaining claims were time barred.

The decision of the Court of Appeals is affirmed in part and reversed in part, and the case is remanded to that court for further proceedings.

---

[8] In *Hickey*, the Court of Appeals interpreted the meaning of the term "filed" in ORAP 1.35(4). That rule was amended in 1994 to codify the holding in *Hickey*. It now provides, in part:

"With respect to a person confined in an institution of confinement who files and serves a thing in the appellate court, the thing shall be deemed filed in the appellate court and served on another person when the original of the thing and the appropriate number of copies are delivered, in a form suitable for mailing, to the person or place designated by the institution for handling outgoing mail."