On petitioner's motion for leave to proceed on judicial review pursuant to ORS 144.355(6) filed December 26, 2002, respondent's response to motion for leave to proceed filed January 8, and petitioner's reply to response to motion for leave to proceed filed February 5, motion for leave to proceed on judicial review granted May 29, 2003

## SCOTT A. LOVELACE,
*Petitioner,*

*v.*

## BOARD OF PAROLE
## AND POST-PRISON SUPERVISION,
*Respondent.*

A118434

69 P3d 1234

Daniel M. Carroll, Deputy Public Defender, for motion.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Denise G. Fjordbeck, Assistant Attorney General, *contra.*

Before Brewer, Presiding Judge, and Wollheim and Kistler, Judges.

BREWER, P. J.

**BREWER, P. J.**

Petitioner is an inmate in the custody of the Department of Corrections. He seeks to assert on judicial review that the Board of Parole and Post-Prison Supervision violated rights afforded to him by administrative rule, statute, and the United States and Oregon constitutions by denying as untimely his request for administrative review of a board order postponing his release on parole. Petitioner has moved for leave to proceed with judicial review pursuant to ORS 144.335(6)[1] on the ground that his petition presents one or more substantial questions of law. We grant the motion for leave to proceed.

In an order dated November 14, 2001, the board set the conditions of petitioner's parole supervision but it deferred his parole release for 24 months, finding that petitioner "suffers from a present severe emotional disturbance that constitutes a danger to the health or safety of the community." The board opposes petitioner's motion for leave to proceed on the ground that petitioner has failed to exhaust his administrative remedies and that this court, therefore, does not have jurisdiction to consider his petition for judicial review.

ORS 144.335(1) provides:

"A person over whom the State Board of Parole and Post-Prison Supervision exercises its jurisdiction may seek judicial review of a final order of the board as provided in this section if:

"(a) The person is adversely affected or aggrieved by a final order of the board; and

"(b) The person has exhausted administrative review as provided by board rule."

Pursuant to ORS 144.335(1), the board has promulgated rules regarding exhaustion that apply to this case. OAR

---

[1] ORS 144.335(6) provides:

"Within 60 days after being served with a copy of the record, or such further time as the court may allow, the petitioner shall file a motion for leave to proceed with judicial review based on a showing in the motion that a substantial question of law is presented for review."

255-080-0001(2) provides that "[a]n inmate/offender has exhausted his or her administrative remedies after complying with OAR 255-080-0005, and after the Board denies review, or grants review and either denies or grants relief." OAR 255-080-0005(2), in turn, provides that "[t]he Board must receive requests for administrative review within forty-five (45) days after the mailing date on the Board's final action on the reviewed issue." In short, under the board's rules, for a petitioner to exhaust his or her administrative remedies, the board must have received an administrative review request within 45 days after the date that the board mailed its order to the petitioner.

In this case, although the order postponing petitioner's release date was dated November 14, 2001, it was mailed to petitioner on November 22, 2001. Petitioner sought administrative review by delivering several documents to a prison official on or about January 4, 2002. The documents were mailed by prison officials to the board on January 7, 2002. The board received the documents on January 9, 2002, 48 days after the order was mailed to petitioner. The board then denied petitioner's request for administrative review of the order on the ground that it did not receive the request within 45 days after the mailing of the order.

The question before us is whether petitioner has shown a substantial question of law for our review. We conclude that petitioner has presented at least two related substantial questions of law.

In order to explain our decision, we must first address petitioner's preliminary argument that he complied with the board's rules by delivering the documents to prison officials before 45 days after the board mailed its order to him. Petitioner asserts that the rule must be interpreted in accordance with the "prisoner mailbox" rule that this court followed in *Hickey v. OSP*, 127 Or App 727, 874 P2d 102 (1994). In *Hickey*, the petitioner, a prison inmate, sought judicial review of an order placing him in segregation. He delivered his *pro se* petition to prison officials for mailing to the State Court Administrator (SCA) within the applicable statutory time limit for filing, but it was not actually delivered to the SCA until after the time limit had expired. On

reconsideration, this court held that the petition was timely filed on the ground that a petition for judicial review "shall be deemed to have been filed at the time it is delivered to the person authorized by the institution to accept delivery for forwarding to the State Court Administrator." *Id.* at 734.[2]

■ For two reasons, *Hickey* does not compel the conclusion that petitioner has presented a substantial question of law. First, as petitioner acknowledges, the board's rules, not this court's mailbox rule, govern the timeliness of administrative review requests involving the board's parole release decisions. Second, the board's rules do not concern the *filing* of administrative review requests; rather, they impose a time limit for their *receipt* by the board. The board has interpreted OAR 255-080-0005(2) to require, for exhaustion purposes, that it have actual, physical possession of an administrative review request within 45 days of the mailing of a challenged order. "Receive" means "to take possession or delivery of * * *." *Webster's Third New Int'l Dictionary* 1894 (unabridged ed 1993). Thus, in common terms, a request for administrative review is not received by the board until it takes possession or delivery of the request. The board's interpretation of its rules is consistent with their wording and, thus, it is plausible. Accordingly, we defer to that interpretation on review. *See Don't Waste Oregon Com. v. Energy Facility Siting*, 320 Or 132, 142, 881 P2d 119 (1994) (where "the agency's plausible interpretation of its own rule cannot be shown either to be inconsistent with the wording of the rule itself, or with the rule's context, or with any other source of law, there is no basis on which this court can assert that the rule has been interpreted 'erroneously' ").

■ Petitioner nevertheless asserts, among other arguments, that the board's failure to accept the late filing of his administrative review request was inconsistent with its prior practice and that the board has not explained the inconsistency. *See* ORS 183.482(8)(b)(B). In support, petitioner asserts that the board has "conducted administrative review in other cases where the request was without question made * * * outside the time period specified in OAR 255-080-0005."

---

[2] ORAP 1.35(4) currently provides specifically for appellate court filings by persons confined to institutions.

Relatedly, petitioner asserts that application of the board's rules in this case would violate Article I, section 20, of the Oregon Constitution, which "may be invoked by an individual who demands equality of treatment with other individuals as well as by one who demands equal privileges or immunities for a class to which he or she belongs." *State v. Clark*, 291 Or 231, 237, 630 P2d 810 (1981). As we understand petitioner's argument, he relies on the first prong of the Article I, section 20, analysis. He contends that the board has "applied a law so as to * * * deny privileges or immunities to an individual person without legitimate reasons related to that person's individual situation." *Id.* at 239. Whatever procedural and substantive difficulties petitioner may face in seeking to vindicate his constitutional claim, we cannot say that his specific constitutional claim, as well as his earlier statutory one, does not present substantial questions of law for judicial review. At the present stage of proceedings, petitioner has shown at least two related substantial questions of law for judicial review.[3]

Motion for leave to proceed on judicial review granted.

---

[3] We presume that the enactment of ORS 144.335(6) was intended to expedite the processing and resolution of requests for judicial review of board decisions. With that purpose in mind, we do not consider petitioner's remaining arguments in support of his motion for leave to proceed. *See also Rodriguez v. Board of Parole*, 187 Or App 282, 293-94, 67 P3d 970 (2003) (petitioner need show only one substantial question of law to prevail on motion for leave to proceed).