Benjamin SALINAS,
*Appellant,*

*v.*

ONE STOP DETAIL,
*Respondent.*

C002196CV; A118384

95 P3d 745

Donald M. Hooton argued the cause and filed the briefs for appellant.

Kevin T. Lafky argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

BREWER, J.

**BREWER, J.**

Plaintiff brought this action against defendant, his former employer, for unpaid wages, penalty wages, and attorney fees. *See* ORS 652.140; ORS 652.150; ORS 652.200(2). Plaintiff's complaint also included a claim against defendant for property damage. The case was tried *de novo* to the trial court after an arbitrator decided all issues adversely to plaintiff. The court awarded plaintiff judgment for $300 in unpaid wages, but it decided the remaining issues in favor of defendant. On appeal, plaintiff assigns error to the trial court's conclusions that he was not entitled to recover penalty wages because the underlying unpaid wages were not withheld from plaintiff's final paycheck but, rather, accrued in an earlier pay period and that he was not entitled to an award of attorney fees. We reverse and remand.

Our review is made more difficult in this case because the record before us consists merely of the trial court file and a partial transcript of closing argument before the trial court. However, the transcript demonstrates that the trial court found that defendant knowingly withheld $300 from plaintiff's January 15, 2000, paycheck, that defendant later fired plaintiff, and that no wages were improperly withheld from plaintiff's final paycheck. The transcript also shows that the trial court declined to award penalty wages to plaintiff under ORS 652.150 because it interpreted that statute to authorize a penalty award only for unpaid wages accruing during the employee's final pay period before termination. Because defendant improperly deducted wages from an earlier paycheck, the court concluded that the statute did not authorize an award of penalty wages. The court also stated that it would not award plaintiff attorney fees because, apart from the $300 wage recovery, plaintiff had not prevailed in the action. Plaintiff's counsel objected to the court's interpretation of ORS 652.150 and, before the court entered judgment, plaintiff also filed a motion for reconsideration in which he provided further authority and argument in support of his request for penalty wages and attorney fees. The trial court did not expressly rule on plaintiff's motion, but the judgment that the court entered did not provide for an award of penalty wages or attorney fees.

■　　　We reject without extended discussion defendant's arguments that the record on appeal is inadequate for review and that plaintiff failed to preserve in the trial court his claim of error regarding penalty wages. The dispute on appeal involves the proper construction of ORS 652.150 as it relates to a particular application of that statute. The record shows that the parties vigorously litigated that issue before the trial court and that plaintiff cited relevant authority for his position. Our duty on appeal is to construe the statute properly, even if we reject both parties' interpretations of it. *See Stull v. Hoke,* 326 Or 72, 77, 948 P2d 722 (1997) (holding that, "[i]n construing a statute, this court is responsible for identifying the correct interpretation, whether or not asserted by the parties"). All that plaintiff had to do to preserve the claim of error was to put the proper construction of the statute in issue before the trial court. *State v. Walker,* 192 Or App 535, 542, 86 P3d 690 (2004). Whether plaintiff made "a particular argument in support of [his] proposed construction at trial is of no moment." *Id.*

■　　　We turn to the merits of plaintiff's argument that the trial court erred in declining to award him penalty wages for defendant's willful failure to pay the $300 in wages that were deducted from his January 15, 2000, paycheck. ORS 652.140(1) provides:

> "Whenever an employer discharges an employee or where such employment is terminated by mutual agreement, all wages earned and unpaid at the time of such discharge or termination shall become due and payable not later than the end of the first business day after the discharge or termination."

ORS 652.150 (1995)[1] provided, in part:

> "If an employer willfully fails to pay any wages or compensation of any employee whose employment ceases, as provided in ORS 652.140 and 652.145, then, as a penalty for such nonpayment, the wages or compensation of such employee shall continue from the due date thereof at the same hourly rate for eight hours per day until paid or until

---

[1] ORS 652.150 was amended in 2001, Or Laws 2001, ch 690, § 1. It also was amended in 2003, Or Laws 2003, ch 779, § 1. The 1995 version of the statute was in effect when the events in this case occurred; hence, we apply it here.

action therefor is commenced; provided, that in no case shall such wages or compensation continue for more than 30 days from the due date[.]"

Defendant reasons, as did the trial court, that "ORS 652.150 does not apply to [p]laintiff's claim because his employment had not ceased at the time pay was withheld." Defendant is mistaken. The statutory phrase "whose employment ceases" modifies the word "employee." Thus, the statute does not authorize an employee who remains employed by an employer who has willfully failed to pay wages to bring an action for penalty wages. However, the disputed phrase does not limit an employee's entitlement to a penalty to one based on a failure to pay wages that accrued during the employee's final pay period and were not paid in his or her final paycheck. ORS 652.150 applies to any wages payable under ORS 652.140. Wages withheld from earlier pay periods are no less "earned and unpaid" at the time of discharge under ORS 652.140 than wages that accrued during the employee's final pay period before discharge. Accordingly, such wages are subject to the provisions of ORS 652.150 when employment ceases. *See Wyatt v. Body Imaging, P.C.*, 163 Or App 526, 530-31, 989 P2d 36 (1999), *rev den*, 330 Or 252 (2000). It follows that the trial court erred in failing to award plaintiff a penalty under ORS 652.150.[2]

■ We turn to plaintiff's claim that the trial court erred in declining to award him attorney fees under ORS 652.200(2).[3] That statute provided:

"In any action for the collection of wages, if it is shown that the wages were not paid for a period of 48 hours, excluding Saturdays, Sundays and holidays, after the same became due and payable, the court shall upon entering judgment for the plaintiff, include in such judgment, in

---

[2] We reject defendant's argument that the trial court did not find that defendant's failure to pay the $300 was "willful." That word, as used in ORS 652.150, "amounts to nothing more than this: That the person knows what he is doing, intends to do what he is doing, and is a free agent." *Wyatt*, 163 Or App at 531 (internal quotation marks omitted). Here, the transcript shows that the trial court implicitly found that defendant knowingly failed to pay the $300, even if defendant was mistaken in concluding that it was entitled to do so.

[3] ORS 652.200(2) was amended by Or Laws 2001, ch 279, § 1. The 1999 version of the statute applies here.

addition to the costs and disbursements otherwise pre-
scribed by statute, a reasonable sum for attorney fees at
trial and on appeal for prosecuting said action, unless it
appears that the employee has willfully violated the con-
tract of employment."

The transcript shows that the trial court declined to award
plaintiff attorney fees because defendant prevailed on all
issues except for the recovery of $300 in unpaid wages. Again,
the trial court erred. Plaintiff prevailed on his wage claim.[4]
Thus, the court was required to award plaintiff attorney fees
incurred in connection with that claim unless the exception
in ORS 652.200(2) applied. Although defendant speculates
that the court may have determined that plaintiff "willfully
violated" his contract of employment and, therefore, was not
entitled to attorney fees, the record before us shows that the
court did not decline to award attorney fees for that reason.

Judgment denying penalty wages and attorney fees
reversed and remanded; otherwise affirmed.

---

[4] We reject defendant's suggestion that the money withheld was not wages due
and payable under ORS 652.200(2). Defendant has not cross-appealed from the
trial court's judgment in plaintiff's favor for unpaid wages "due and payable" under
ORS 652.140. Defendant therefore cannot challenge that determination in the con-
text of its opposition to plaintiff's request for attorney fees.