Submitted on record and brief April 28, affirmed September 28, 2005

THOMAS W. BATES,
*Respondent,*

*v.*

Robert GORDON,
in his official capacity
as Sheriff of Washington County,
*Appellant.*

C040876CV; A125277

120 P3d 512

Elmer M. Dickens filed the brief for appellant on appeal and filed a response to order to show cause dated May 20, 2005.

No appearance for respondent on appeal; Michael G. Borge filed a special appearance on behalf of Thomas W. Bates dated June 6, 2005.

Before Edmonds, Presiding Judge, and Linder* and Wollheim, Judges.

EDMONDS, P. J.

---

* Linder, J., *vice* Ceniceros, S. J.

## EDMONDS, P. J.

The Washington County Sheriff appeals a judgment overturning his revocation of petitioner's concealed handgun license. Although our analysis differs from that of the trial court, we agree that the sheriff's revocation of petitioner's concealed handgun license was improper and therefore affirm.[1]

In February 2004, the sheriff, pursuant to ORS 166.293, revoked petitioner's concealed handgun license based on reports that petitioner had left harassing phone messages with the Oregon Department of Employment. According to the sheriff, those messages, coupled with previous incidents involving petitioner, provided the sheriff with "reasonable suspicion to believe that petitioner was a danger to others or the community at-large based upon his mental or psychological state as demonstrated by a pattern of past behavior." Petitioner then petitioned the Washington County Circuit Court to review the revocation of his concealed handgun license.[2]

The court held a hearing to review the revocation of the concealed handgun license, during which the sheriff presented evidence of the harassing phone messages to the Oregon Department of Employment, as well as evidence of two other incidents involving petitioner. One of those incidents concerned phone messages and statements allegedly made by petitioner to Qwest Telecommunications. The sheriff did not offer direct testimony of the messages and statements to Qwest Telecommunications, but instead relied on a police report regarding the incident. Petitioner, appearing *pro se*, objected to the testimony on the basis of relevance. The court then raised *sua sponte* concerns that the contents of the police report were hearsay, and it ruled that such evidence could not support revocation without some additional indicia of reliability.

---

[1] After the case was submitted, we asked the parties whether the case was moot and whether it should therefore be dismissed. We now conclude that the case is not moot for the reasons advanced by the sheriff.

[2] Under ORS 166.293(5), a person whose license is revoked may petition the circuit court in the petitioner's county of residence to review the revocation.

Ultimately, the court determined that the sheriff "did not have reasonable grounds to believe that [p]etitioner has been or is reasonably likely to be a danger to self, others or the community at large based upon his mental or psychological state as demonstrated by past pattern of behavior," and entered a judgment ordering the sheriff to "return [p]etitioner's concealed handgun license to [p]etitioner on or before Tuesday, June 1, 2004." The sheriff appeals that judgment, arguing that (1) the court erred in refusing to consider evidence in the police reports, and (2) even assuming that the information in the police reports was inadmissible, the remaining evidence proved that the sheriff had reasonable grounds to believe that petitioner was reasonably likely to be a danger to others or the community as demonstrated by his past pattern of behavior.

We do not consider the sheriff's arguments concerning hearsay or the sufficiency of the evidence because, as a threshold matter, ORS 166.293 does not provide for *revocation* based solely on evidence of reasonable grounds to believe that the licensee "has been or is reasonably likely to be a danger to self or others, or to the community at large, as a result of the [licensee's] mental or psychological state, as demonstrated by past pattern of behavior or participation in incidents involving unlawful violence or threats of unlawful violence."[3]

ORS 166.293 provides, in part:

"(2)   Notwithstanding ORS 166.291(1), and subject to review as provided in subsection (5) of this section, a sheriff may deny a concealed handgun license if the sheriff has reasonable grounds to believe that the applicant has been or is reasonably likely to be a danger to self or others, or to the community at large, as a result of the applicant's mental or psychological state, as demonstrated by past pattern of behavior or participation in incidents involving unlawful violence or threats of unlawful violence.

---

[3] The parties and the trial court assumed throughout the review process that the "reasonable belief" standard set forth in ORS 166.293(2) was a proper basis for revocation of petitioner's concealed handgun license, and the sheriff's arguments on appeal invite us to perpetuate that assumption. We decline to do so, given our obligation to correctly construe statutes regardless of whether the proper construction is urged by the parties. *Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997).

"(3)(a)  *Any act or condition that would prevent the issuance of a license under ORS 166.291 and 166.292 is cause for revoking a concealed handgun license.*

"(b)   A sheriff may revoke a license by serving upon the licensee a notice of revocation. The notice must contain the grounds for the revocation and must be served either personally or by certified mail, restricted delivery. The notice and return of service shall be included in the file of the licensee. The revocation is effective upon the licensee's receipt of the notice.

"* * * * *

"(6)   The judgment affirming or overturning the sheriff's decision shall be based solely on whether the petitioner meets the criteria that are used for issuance of the license under ORS 166.291 and 166.292."

(Emphasis added.) Thus, the only statutory basis for *revocation* of a concealed handgun license under ORS chapter 166 is an "act or condition that would prevent the issuance of a license *under 166.291 and 166.292.*" ORS 166.293(3)(a) (emphasis added). ORS 166.291 and ORS 166.292 contain a number of objective application requirements for concealed handgun licenses, but they do not include any reference to a sheriff's reasonable belief "that the applicant has been or is reasonably likely to be a danger to self or others or to the community at large * * * as demonstrated by past pattern of behavior or participation in incidents involving unlawful violence or threats of unlawful violence." That language is found exclusively in ORS 166.293.

The omission of a reference to ORS 166.293 (and, consequently, the "reasonably likely to be a danger" standard) among the bases for revocation under ORS 166.293(3)(a) is intentional. In 2003, the legislature amended ORS 166.293(3)(a) to *remove* that reference. *See* Or Laws 2003, ch 14, § 65. Before those amendments, ORS 166.293(3)(a) provided that "[a]ny act or condition that would prevent the issuance of a license under *ORS 166.291 to 166.293* is cause for revoking a concealed handgun license." (Emphasis added.) Thus, under the previous version of the

statute, sheriffs were authorized to revoke concealed handgun licenses based on the "reasonable belief" standard in ORS 166.293(3)(a).[4]

In addition to amending ORS 166.293, Oregon Laws 2003, chapter 14 amended hundreds of other provisions as part of what appears to have been a general housekeeping bill. While it is possible that the legislature did not recognize the significance of its changes to ORS 166.293(3)(a), we are not permitted to look beyond the plain and unambiguous language of the amendment. *See* ORS 174.010 ("In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, *not to insert what has been omitted,* or to omit what has been inserted * * *." (Emphasis added.)); *see also Monaco v. U.S. Fidelity & Guar.*, 275 Or 183, 188, 550 P2d 422 (1976) (court is not permitted to alter a statute's wording "so as to better serve what the court feels was, or should have been, the legislature's intent").

We hold that ORS 166.293 does not permit a sheriff to revoke a concealed handgun license on the basis that the sheriff has reasonable grounds to believe that the licensee "has been or is reasonably likely to be a danger to self or others, or to the community at large, as a result of the [licensee's] mental or psychological state, as demonstrated by past pattern of behavior or participation in incidents involving unlawful violence or threats of unlawful violence." Accordingly, the sheriff's evidence in this case—including any evidence that was excluded as hearsay—is insufficient to revoke petitioner's concealed handgun license under ORS 166.293.

Affirmed.

---

[4] The sheriff, perhaps unaware of the amendments, quoted the 2001 version of the statute in his letter to petitioner revoking petitioner's concealed handgun license. However, the 2003 amendments were effective as of January 1, 2004, and were applicable at the time the sheriff revoked the license in February 2004.