Argued and submitted August 26, affirmed October 20, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MISTY RENEE JOSEPH,
*Defendant-Appellant.*

Marion County Circuit Court
07C50614; A140287

241 P3d 752

Anne Kimiko Fujita Munsey, Senior Deputy Public Defender, argued the cause for appellant. On the brief were Peter Gartlan, Chief Defender, and Rebecca Duncan, Assistant Chief Defender, Office of Public Defense Services.

Justice Joy Rillera, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Landau, Presiding Judge, and Ortega, Judge, and Sercombe, Judge.

SERCOMBE, J.

**SERCOMBE, J.**

Defendant appeals a judgment of conviction on one count of possession of methamphetamine, ORS 475.894, and assigns error to the trial court's denial of her motion to suppress evidence. For the reasons that follow, we affirm.

The facts are undisputed. Defendant was booked into Marion County Jail, at which time a small floral print coin purse was found in her pants pocket. Deputy Brazeal opened the coin purse and found a folded piece of paper inside. He felt something inside the folded paper, but did not know what it was. Brazeal then opened the folded paper and found two plastic baggies containing a substance later identified as methamphetamine. A Marion County Jail inventory policy provided that, "[w]hen an inmate is lodged into the Marion County Jail, all personal property including clothing, jewelry, money, etc. will be taken"; "[a]ll items of inmate personal property will be inventoried"; and "[d]uring the lodge process the money will be counted again."

Before trial, defendant moved to suppress the evidence discovered. In her memorandum in support of her motion, she summarized the relevant facts as follows: "Deputy Brazeal found *a* closed container with a floral print upon it. Deputy Brazeal opened *the* container and found two bindles of meth[amphetamine]." (Emphases added.) Defendant then argued in her memorandum:

> "In this case, Deputy Brazeal was acting under the authority of the Marion County Sheriff's department's inmate personal property policy * * *. 'No provision of the policy discusses what to do with closed containers or expressly authorizes a deputy to open a closed container for any purpose.' [State v. Guerrero, 214 Or App 14, 17, 162 P3d 1048 (2007)]. The policy does not 'either expressly or implicitly, authorize the opening and inventorying of the contents of closed containers designed to hold generic valuables.' Id. at 22.

> "As was the case in Guerrero, Deputy Brazeal opened *the* closed container contrary to Marion County Sheriff's Department policy. *Since Deputy Brazeal acted outside the authority of the inventory*, the inventory became an unlawful warrantless search under Article I, section 9 of the

Oregon State Constitution * * *. Therefore all evidence seized as the result of the unlawful warrantless search should be suppressed."

(Emphases added; underscoring in original.)

At the hearing on the motion to suppress, defense counsel stated that "[t]his policy would require [Brazeal] to inventory that item as what it is, a closed, sealed, floral object of some kind"; "[t]here is nothing in this policy that extends to going into items"; and "for all intents and purposes, that was an empty purse that [Brazeal] chose to open." The trial court then had the following exchange with defense counsel:

"THE COURT: * * * Now, as I understand it, * * * your motion is to exclude the methamphetamine that was found inside this closed container.

"[DEFENSE COUNSEL]: Correct.

"THE COURT: You're not making a broader motion that says this inventory policy does not comport with *State v. Atkinson*, [298 Or 1, 688 P2d 832 (1984),] and therefore anything that is conducted within this policy is invalid because it doesn't comport with *State v. Atkinson* in one particular or another. You're just saying that even if the policy is—comports with *State v. Atkinson*, this was a closed container that should not have been opened.

"[DEFENSE COUNSEL]: I'm saying—I'm making two arguments Your Honor. I don't believe—I'm not challenging the validity of this, I'm not asking the Court to find that the overall inventory policy is invalid.

"THE COURT: All right. That's what I thought.

"[DEFENSE COUNSEL]: The Court could certainly do that. * * * I'm saying that this policy in this particular instance is sufficiently flawed and that the policy did not limit the discretion. The officer stepped outside the administrative directive that control and protect my client's constitutional rights in the context of the search in this matter.

"* * * * *

"THE COURT: * * * Deputy Brazeal, I find, was conducting the inventory pursuant to the policy. The question is, and I wish I had the item itself to look at, what I'm left with in our record here is the description of the item. * * *

> Deputy Brazeal, he says it's a coin purse, and [another officer] recalled it as a wallet, and the idea then I think is clear that this was an item that although it didn't announce its contents, it did have the character of something that contained valuables, and the very purpose of the inventory policy is to inventory valuables. So if within this valuable containing type object, there were valuables that needed to be accounted for, the only way to do that is to open it and see what's in there. Then the question becomes, however, whether what is found within there, do those announce their contents[.]"

Ultimately, the trial court determined that the deputy was authorized under the inventory policy to open both the floral print coin purse and the folded piece of paper. The trial court then denied defendant's motion to suppress evidence.

■　　On appeal, defendant advances two arguments in support of her assigned error: (1) that Brazeal could not open the coin purse as part of an inventory under the applicable policy and (2) that Brazeal could not open the folded paper, which defendant contends did not announce its contents, as part of an inventory under the applicable policy. We begin by considering defendant's argument regarding the coin purse, in which she posits:

> "If, as this court observed in *Guerrero*, the policy authorizes deputies to open closed containers designed to hold money, then the deputy complied with the policy when he opened the coin purse. The question then becomes, whether the policy was constitutional."

Defendant contends that the policy, if interpreted to implicitly authorize the opening of closed containers, is incomplete and too vague to ensure, as constitutionally required under *Atkinson*, that deputies do not make *ad hoc* decisions regarding what closed containers to open. The state responds that, under *Guerrero*, the deputy was authorized by the policy to open the coin purse; the state does not respond to defendant's contention that the policy is unconstitutional.

　　Assuming that defendant, on appeal, continues to advance the argument that the inventory policy did not authorize the opening of her coin purse, both *Guerrero* and *State v. Mundt/Fincher*, 98 Or App 407, 780 P2d 234, *rev*

*den*, 308 Or 660 (1989), control the result in this case. Those cases indicate that implicit authorization to open a closed container designed to contain money or jewelry—*i.e.*, the coin purse—not only exists under the specific inventory policy at issue here, but that that implicit authorization comports with *Atkinson's* requirement that inventory policies leave no room for an officer's exercise of discretion. *See Atkinson*, 298 Or at 10; *Guerrero*, 214 Or App at 22 (stating that the inventory policy of the Marion County Jail "arguably was sufficient to authorize the officers to open closed containers that are designed to contain money or jewelry"); *Mundt/Fincher*, 98 Or App at 413 (holding that an inventory policy that required the itemization of *all* personal property and a breakdown of coins, cash, and checks implicitly authorized officers to open containers designed or objectively likely to contain money or valuables and effectively eliminated any discretion on the part of the booking officer).

Defendant, however, contends that the policy is unconstitutional if interpreted to implicitly authorize the opening of closed containers designed to contain money or jewelry. In essence, defendant asks this court to disavow *Guerrero* and *Mundt/Fincher*. Given the arguments and discussions before the trial court, we conclude that that contention is unpreserved. *See State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) (preservation requires that "a party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted"); *State v. Walker*, 234 Or App 596, 606, 229 P3d 606 (2010) (stating that "we have a prudential obligation to determine *sua sponte* whether a contention has been preserved for appellate review"). Accordingly, we decline to reconsider those prior decisions in this case.

■        Turning to defendant's remaining argument on appeal—that Brazeal could not open the folded paper as part of an inventory—the state argues that it is unpreserved and should not be addressed as plain error under ORAP 5.45(1).[1]

_____

[1] ORAP 5.45(1) provides:

"A question or issue to be decided on appeal shall be raised in the form of an assignment of error, as prescribed in this rule. Assignments of error are

According to the state, there is a reasonable dispute as to whether the inventory policy authorizes an officer to open a folded paper when it is found inside a container designed to hold money or valuables. Defendant, unsurprisingly, disagrees and asks us to reach the merits of her argument as plain error. For the following reasons, we agree with the state that the alleged error regarding the folded paper is unpreserved and not plain.

In *State v. Godines*, 236 Or App 404, 409-10, 236 P3d 824 (2010), we recently held that, although the trial court had itself expressed a general uncertainty regarding its authority to sentence the defendant under Measure 11, "[t]here is nothing in the record * * * to demonstrate that defendant provided the trial court with *any* objection to the imposition of Measure 11 sentences, let alone an explanation of that objection." (Emphasis in original.) Thus, we concluded that the alleged error regarding the Measure 11 sentence was unpreserved. *Id.* at 410. In *State v. Spears*, 223 Or App 675, 681, 196 P3d 1037 (2008), however, we concluded that the alleged error by the trial court in construing a theft statute was preserved because "it was the trial court itself that raised the question as to the proper meaning of 'takes.' " Indeed, the trial court had *sua sponte* invited the parties to present arguments on the meaning of the statutory term "takes." *Id.* at 679. In concluding that the alleged error was preserved, we noted that "our obligation to correctly construe that statutory term is in no way impaired or constrained by defendant's failure to advance the proper—or, indeed, any—construction of the statute before the trial court." *Id.* at 681 (citing *Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997) ("In construing a statute, this court is responsible for identifying the correct interpretation, whether or not asserted by the parties.")).

In this case, defendant objected to the admissibility of evidence discovered in her floral print coin purse; she repeatedly provided the trial court with an explanation of her

required in all opening briefs of appellants and cross-appellants. No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided that the appellate court may consider an error of law apparent on the face of the record."

objection that focused *solely* on whether opening the coin purse—the item she identified as *the* closed container in her memorandum—was authorized by the inventory policy. Defendant did not extend her explanation of her objection to whether opening the folded paper was authorized by the inventory policy. Although the trial court itself did note that whether the contents of the coin purse—*i.e.*, the folded paper—announce their contents was a question to be answered in deciding the motion to suppress, the trial court did not invite the parties to present their positions on that question. Under those circumstances, we conclude that defendant's argument that the inventory policy did not authorize opening the folded paper was unpreserved.

Nonetheless, defendant contends that we should review the alleged error as plain error—*i.e.*, error apparent on the face of the record—under ORAP 5.45(1). Error is apparent on the face of the record if (1) the error is one of law; (2) the error is "apparent," in that the "legal point is obvious, not reasonably in dispute"; and (3) the error appears "on the face of the record" so that "[w]e need not go outside the record or choose between competing inferences to find it, and the facts that comprise the error are irrefutable." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). Further, even if an error is apparent on the face of the record, we must then determine whether to exercise our discretion to reach the error and correct it. *Ailes v. Portland Meadows*, 312 Or 376, 382, 823 P2d 956 (1991). In this case, given the rationales of *Guerrero* and *Mundt/Fincher*, the alleged error regarding the folded paper is, at best, reasonably in dispute and thus is not plain.

Affirmed.