Argued and submitted January 29, reversed and remanded for reconsideration
May 1, 2003

# EMPLOYMENT DEPARTMENT,
*Petitioner,*

*v.*

## Anthony I. CLARK
and The Office Depot,
*Respondents.*

### 01-AB-2093; A117262

67 P3d 991

432

David F. Coursen, Assistant Attorney General, argued the cause for petitioner. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

No appearance for respondents.

Before Edmonds, Presiding Judge, and Kistler and Schuman, Judges.

EDMONDS, P. J.

Kistler, J., concurring.

## EDMONDS, P. J.

The Employment Department (department) seeks review of a decision of the Employment Appeals Board (board). The department asserts that the board incorrectly interpreted ORS 657.310. We agree and reverse.

Claimant Anthony Clark filed a claim for unemployment benefits in December 2000 and was awarded a weekly benefit of $376. While collecting benefits, claimant began working part time for Office Depot. On several occasions, claimant under reported to the department the amount of money that he earned weekly while working at Office Depot.[1] The department eventually discovered the discrepancies between claimant's reported and actual income. As a result, it issued a decision that determined that, on several occasions, claimant had willfully misrepresented the amount of weekly wages that he had earned from Office Depot. The department also assessed a penalty against claimant that disqualified him from two weeks of future unemployment benefits, and it required him to repay $387 in benefits that had been overpaid to him.

Claimant requested review of the department's decision. The hearing officer determined that claimant had willfully misrepresented his earnings to the department. The hearing officer also concluded that two of claimant's misrepresentations regarding weekly earnings justified the two-week penalty levied by the department. However, the hearing officer concluded that the department did not have the authority to issue the overpayment decision because it failed to issue "a decision which has become final in regard to this matter" as required by ORS 657.310(1). The department appealed the hearing officer's decision to the board. The board agreed with the hearing officer. It explained, in relevant part:

"In an administrative decision issued September 18, 2001, the Employment Department determined that claimant

---

[1] Claimants collecting unemployment benefits must report any income that they earn from employment. The department uses the information to reduce the amount of unemployment compensation awarded to a claimant. *See* ORS 657.150(6).

had earnings that reduced the amount of unemployment benefits he was entitled to receive, and that he had misrepresented those earnings. In that same decision, the Employment Department concluded that, because claimant had misrepresented those earnings, claimant was overpaid unemployment benefits which he was liable to repay. That portion of the September 18, 2001 administrative decision regarding the overpayment was premature.

"Under ORS 657.310, before the Employment Department may find a claimant liable to repay benefits based on a misrepresentation or failure to disclose a material fact, the misrepresentation/nondisclosure must be found 'in connection with a decision which was made and has become final.' ORS 657.310(1). That language, in effect, creates a condition precedent on claimant's liability to repay benefits. Before we can find claimant liable to repay, a decision on the question of misrepresentation/nondisclosure must exist **and** become final. In this case, the issue of whether claimant had misrepresented his earnings was found in the same decision as the overpayment. Claimant appealed that decision and, therefore, it did not become final. Consequently, ORS 657.310(1) does not give us the authority to impose upon claimant liability to repay benefits."

(Boldface in original.) Because the department made only one ruling that determined both claimant's misrepresentation and the amount of overpayment, the board ruled that the department had failed to follow the required statutory procedure and was therefore without authority to require claimant to repay the overpayment.

■■ The department seeks judicial review of the board's decision. It argues that the board misinterpreted ORS 657.310 and that the correct interpretation of the statute authorizes the department to determine both the liability for overpayment and the amount of overpayment in a single decision. We review the board's interpretation of ORS 657.310 for errors of law. *Confederated Tribes (Siletz) v. Employment Dept.,* 165 Or App 65, 68, 995 P2d 580 (2000). When analyzing a statute to determine the intent of the legislature, we first analyze its text and context. *PGE v. Bureau of Labor and Industries,* 317 Or 606, 610-11, 859 P2d 1143 (1993).

ORS 657.310 governs the recovery of unemployment benefits paid because of misrepresentations of fact by benefit recipients. Under ORS 657.310,

"(1) Any person who makes, or causes to be made, a false statement or representation of, or fails to disclose, a material fact and, as a result thereof has received any amount as benefits under this chapter to which the person is not entitled shall, irrespective of the knowledge or intent of the person, *if the existence of such nondisclosure or misrepresentation has been found in connection with a decision which was made and has become final* pursuant to this chapter, be liable to repay such amount to the Director of the Employment Department for the fund or have such amount deducted from any future benefits payable to the person under this chapter.

"(2) No decision shall be construed to authorize the recovery of the amount of any benefits paid to a claimant unless such decision specifies that the claimant is liable to repay the same to the fund by reason of the nondisclosure or misrepresentation of a material fact, the nature of such nondisclosure or misrepresentation, and the week or weeks for which such benefits were paid, nor until such decision has become final.

"* * * * *

"(4) Interest on any amount liable to be repaid under this section shall be paid and collected at the same time repayment of the benefits is made by the individual to the Unemployment Compensation Trust Fund, at the rate of one percent per month beginning on the first day of the month following 60 days after the finality of the administrative decision establishing the overpayment. In computing interest under this subsection, a fraction of a month shall be counted as a full month."

(Emphasis added.)

Under the board's interpretation, ORS 657.310(1) creates a "condition precedent" that requires that a decision regarding a claimant's misrepresentation or nondisclosure be made and become final before a claimant can be ordered to repay any overpayment. According to the board, claimant's appeal of the ruling that he had made willful misrepresentations in his reports prevents the department from ordering

repayment. Thus, no determination of liability for the amount owed can occur until claimant's appeal rights are exhausted. The department counters that there is no language in ORS 657.310(1) that requires a two-step process. According to the department, the determination of liability for an overpayment is an integral part of the decision-making process regarding whether a misrepresentation occurred. Thus, the phrase in the statute "if the existence of such nondisclosure or misrepresentation has been found in connection with a decision which was made and has become final" contemplates, according to the department, the making of a decision about the misrepresentation that occurs as part of a single, overall process in the establishment of liability for overpayment. Under the department's reasoning, its decision, composed of a finding of a misrepresentation and a determination of liability, becomes final under the statute when it is rendered.

■ After examining the text and context of the statute, we conclude that both the board and the department advance plausible interpretations of the statute. The board's interpretation is plausible because the phrase "final pursuant to this chapter" could be reasonably understood to require a *final* decision regarding the existence of a nondisclosure or misrepresentation of fact made by a claimant that includes the exhaustion of appeal rights on that issue. On the other hand, the department's interpretation is also plausible because the statute does not expressly require a two-step process; rather, it refers to a "decision" in the singular number. Moreover, the phrase "final pursuant to this chapter" in the statute may refer to a "final" determination made by the department as to the amount of overpayment. When the text of a statute is ambiguous and capable of more than one plausible interpretation, we look to the legislative history for assistance in discerning legislative intent. *PGE*, 317 Or at 611-12; *Confederated Tribes (Siletz)*, 165 Or App at 77-78.

■ ■ ORS 657.310(1) and (2) were enacted in 1949. Or Laws 1949, ch 572, § 6(e). There is no legislative history for the 1949 enactment available to us that indicates whether the legislature intended to make liability for overpayment a one-step or a two-step process. However, ORS 657.310 was

amended in 1997 to add ORS 657.310(4). Whether an amendment to a statute may be resorted to for the discovery of the legislative intention for the statute as amended depends on the circumstances surrounding the amendment. *Holman Tfr. Co. et al v. Portland et al,* 196 Or 551, 566, 249 P2d 175 (1952). In some circumstances, an amendment to a statute is tantamount to a legislative declaration of the meaning of the statute as a whole because the amendment clears up uncertainties in the statute or expresses a legislative purpose that was previously unclear. *Roy L. Houck & Sons v. Tax Com.,* 229 Or 21, 32, 366 P2d 166 (1961); *Layman v. State Unemp. Comp. Com.,* 167 Or 379, 400, 117 P2d 974 (1941). Also, we observe that this case involves an ambiguous statute, unlike other cases in which amendments to statutes have been eschewed for purposes of discerning legislative intent based on a first-level text and context analysis.[2]

In that light, we turn to the legislative history underlying the 1997 amendment to ORS 657.310 in an effort to discover how the legislature may have viewed the meaning of the statute as a whole in 1997. The 1997 amendment deleted former subsection (3) of the statute, which provided, "In any case in which a claimant is liable to repay to the director any amount for the fund, such amount shall be collectible *without interest* by civil action brought in the name of the director." (Emphasis added.) Or Laws 1997, ch 372, § 1. The amendment also added present subsections (3), (4), (5) and (6). Those subsections, in effect at the time of this case, added provisions to the statute that authorized recovery by the department of overpayments and described how collections of those amounts would occur. Specifically, the amendments in subsection (4) of the statute provided that overpayments

---

[2] In *Stull v. Hoke,* 326 Or 72, 948 P2d 722 (1997), the court was faced with the issue of what the legislature intended when it used the word "filed" with respect to the filing of a legal action for purposes of ORS 12.020. The court declined to use ORS 21.110 as context for its interpretation because ORS 21.110 did not contain the language that addressed the issue before the court. That language was added to the statute in 1995 after plaintiff filed his complaint in 1994. *Stull,* 326 Or at 79-80. We followed the holding in *Stull* in *Wiard Memorial Park Dist. v. Wiard Community Pool,* 183 Or App 448, 52 P3d 1080, *rev den,* 335 Or 114 (2002). In that case, the statutory subsections urged as context by one of the parties were added two years after the legislature enacted the statute that was the subject of our interpretation. *Wiard,* 183 Or App at 454 n 5.

would accrue interest "60 days after the finality of the *administrative decision* establishing the overpayment." (Emphasis added.) The legislative history for the 1997 amendments shows that ORS 657.310 was amended in order to cut the administrative costs of the department and to enhance the collection of benefit overpayments. *See* Tape Recording, House Committee on Labor, SB 1030, May 8, 1997, Tape 78, Side A (statement of Michelle Kennedy, Manager; Fiscal, Performance and Planning, Oregon Employment Department). *See also* Tape Recording, Senate Committee on Business, Law, and Government, SB 1030, Apr 14, 1997, Tape 157, Side B (statement of Sen Randy Miller). Thus, in connection with the overall purpose of cutting administrative costs and enhancing the collection of overpayments, ORS 657.310(4) now provides for the accrual of interest on amounts owed because of an overpayment 60 days after "the finality of the administrative decision establishing the overpayment."

■■ The text of ORS 657.310, when considered with the text and the legislative history of the 1997 amendments, convinces us that the department's interpretation of the rule is correct. Although the 1997 amendments did not expressly declare the purpose of ORS 657.310, they are indicative of the legislature's intent regarding how the entire statute should operate. Even if we were to conclude that the legislative history is not determinative and that it is necessary to resort to general maxims of statutory construction to resolve any remaining uncertainty, our conclusion would be the same. One such maxim is that, where no legislative history exists, we will attempt to determine how the legislature would have intended the statute to be applied had it considered the issue. *Security State Bank v. Luebke*, 303 Or 418, 423, 737 P2d 586 (1987). It would be inconsistent with the legislative purpose of ORS 657.310(4) to cut administrative costs and promote the collection of overpayments of benefits to require a two-step process. Moreover, in order to establish that there has been a material misrepresentation or nondisclosure, the department must necessarily determine that a claimant did r ₅ report accurate information to the department. Implicit ₁ ᵗʰe making of that determination is also the determination

that an overpayment occurred and the amount of the overpayment. In keeping with our understanding of the legislative purpose of the 1997 amendments, we conclude that the language in the statute "if the existence of such nondisclosure or misrepresentation has been found in connection with a decision which was made and has become final pursuant to this chapter" in ORS 657.310 requires only a one-step process.

Reversed and remanded for reconsideration.

**KISTLER, J.,** concurring.

The Employment Appeals Board (board) ruled that, before the Employment Department (department) may require a claimant to repay benefits, it must issue two decisions—one decision finding that the claimant has made a misrepresentation that resulted in an overpayment and, after that decision has become final, a second decision ordering the claimant to repay the benefits that he or she wrongfully obtained. I agree with the majority that ORS 657.310 requires only one decision. I write separately because, in my view, the statute is unambiguous.

ORS 657.310(1) provides that any person who either makes a false statement or fails to disclose a material fact shall "be liable to repay" the amount of any overpayment if the decision finding such misrepresentation or nondisclosure has become final. ORS 657.310(2) provides that no decision "shall be construed to authorize the recovery" of any benefits paid to a claimant unless the decision specifies that the claimant is liable because of a misrepresentation or nondisclosure, the nature of the misstatement or omission, the number of weeks for which the claimant wrongfully received benefits, and not "until such decision has become final."

Based solely on the text, I would hold that ORS 657.310 does not require the department to issue a second decision before seeking to recover an overpayment. Rather, ORS 657.310(1) identifies the substantive conditions that must be found before liability attaches, and ORS 657.310(2) sets out certain information that the decision must contain in order to put a claimant on notice that he or she will be liable

to repay benefits if the department's decision is not reversed. Each subsection complements the other. Both provide that a claimant is not liable to repay (and correspondingly that the department may not seek to recover) any benefits until the decision becomes final. The statute refers to one decision, not two. In my view, the text of the statute unambiguously permits the department to recover benefits once a single decision finding a claimant liable for an overpayment due to a misrepresentation or material nondisclosure becomes final.