Argued and submitted January 6, affirmed August 1, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*
*and*

CITY OF NORTH PLAINS,
*Plaintiff,*

*v.*

RANDALL TOBIAS PATRICK,
*Defendant-Appellant.*

Washington County Circuit Court
C090618CVA; A143367

284 P3d 547

Franklin G. Patrick argued the cause and filed the brief for appellant.

Jennifer S. Lloyd, Attorney-in-Charge, Criminal Appeals, argued the cause for respondent. On the brief were John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

SCHUMAN, P. J.

## SCHUMAN, P. J.

Defendant appeals a judgment of the circuit court denying his motion to dismiss a citation for speeding. He argues that, although he might have been in violation of a different statute—ORS 811.100, "Violation of Basic Speed Rules"—he was not cited under that statute; he was cited under ORS 811.111, "Violating a Speed Limit," and that, under the undisputed facts, he was not guilty of that violation. He argues, further, that the base fine stated on the citation was not authorized by law. We affirm.

Defendant was stopped on State Highway 26, at mile post 56.5, by a City of North Plains Police Officer, while driving 79 miles per hour, 24 miles per hour over the posted speed of 55. He was cited to appear in municipal court; the citation listed ORS 811.111 as the statute defendant had violated, and it stated a fine of $335. The municipal court upheld the citation and imposed the stated fine. Defendant appealed the municipal court's judgment to circuit court, ORS 153.121; ORS 138.057, contending that the municipal court erred in denying defendant's motion to dismiss the citation on a number of grounds. The circuit court rejected defendant's contentions and upheld the citation and fine. Defendant appeals.

On appeal, defendant does not dispute that the location where he was cited was on Highway 26, within the city limits of North Plains, Oregon; that a sign posted at that location stated a speed of 55 miles per hour; and that his driving speed was 79 miles per hour. Defendant contends, rather, that the citation is technically and fatally defective in two respects. Defendant first contends that the citation is defective in that it mistakenly alleges a violation of ORS 811.111, violation of a speed limit, rather than a violation of ORS 811.100, violation of the basic speed rule.[1]

---

1 ORS 811.100 provides:

"A person commits the offense of violating the basic speed rule if the person drives a vehicle upon a highway at a speed greater than is reasonable and prudent, having due regard to all of the following [traffic, road, and weather conditions][.]"

The citation in this case was issued in 2008. We refer to the version of the statutes in effect at that time.

Defendant's argument concerns the interplay of two statutes, ORS 810.180 and ORS 811.111. ORS 811.111 establishes certain default speed limits for particular types of roads or vehicles, and it provides in subsection (1) that "[a] person commits the offense of violating a speed limit if the person" drives at a speed greater than one of those limits. For example, ORS 811.111(1)(a) states that a person commits the offense of violating a speed limit if the person "[d]rives a vehicle on an interstate highway at a speed greater than 65 miles per hour, or if a different speed is posted under ORS 810.180(3), at a speed greater than the posted speed." ORS 811.111(1)(d) provides that a person commits the offense of violating a speed limit if the person "[d]rives a vehicle upon a highway in any city at a speed greater than the speed posted by authority granted under ORS 810.180, or if no speed is posted," at a speed greater than one of the speeds listed in ORS 811.111(1)(d)(A) through (F).

ORS 810.180, on the other hand, authorizes "designated speeds" that, in some situations, supersede the "statutory speeds" established by ORS 811.111. ORS 810.180 defines "designated speed" and "statutory speed" as follows:

"(1)  As used in this section:

"(a)  'Designated speed' means the speed that is designated by a road authority as the maximum permissible speed for a highway and that may be different from the statutory speed for the highway.

"(b)  'Statutory speed' means the speed that is established as a speed limit under ORS 811.111, or is established as the speed the exceeding of which is prima facie evidence of violation of the basic speed rule under ORS 811.105."

A "designated speed," then, is a speed limit that may override a default statutory speed listed in ORS 811.111. Under ORS 810.180, by administrative rule, the Department of Transportation may designate speeds that differ from the statutory speed limits set forth in ORS 811.111. The state's authority to establish a designated speed may be delegated to local governments for low volume highways or roads that are not hard surfaced. ORS 810.180(5)(f).

Defendant argues as follows. The speeding statute under which he was cited, ORS 811.111, applies only in limited situations:

"(1)   A person commits the offense of violating a speed limit if the person:

"(a)   Drives a vehicle on an interstate highway at a speed greater than 65 miles per hour or, if a different speed is posted under ORS 810.180(3), at a speed greater than the posted speed.

"(b)   Notwithstanding paragraph (a) of this subsection, drives any of the following vehicles at a speed greater than 55 miles per hour on any highway or, if a different speed is posted under ORS 810.180(3), at a speed greater than the posted speed:

"(A)   A motor truck with a gross vehicle weight rating of more than 10,000 pounds or a truck tractor with a gross vehicle weight rating of more than 8,000 pounds.

"(B)   A school bus.

"(C)   A school activity vehicle.

"(D)   A worker transport bus.

"(E)   A bus operated for transporting children to and from church or an activity or function authorized by a church.

"(F)   Any vehicle used in the transportation of persons for hire by a nonprofit entity as provided in ORS 825.017(9).

"* * * * *

"(d)   Drives a vehicle upon a highway in any city at a speed greater than a speed posted by authority granted under ORS 810.180 or, if no speed is posted, the following:

"* * * * *

"(F)   Fifty-five miles per hour in locations not otherwise described in this paragraph[, *i.e.*, alleys, narrow roadways, business districts, parks, or interstate highways]."[2]

---

[2] Other provisions in ORS 811.111 deal with ocean shores, ORS 811.111(1)(c), and school zones, ORS 811.111(1)(e), neither of which is implicated in this case.

The only paragraph that might apply is (d). That paragraph includes two kinds of highways "in any city." One is a highway in a city where there is a speed "posted by authority granted under ORS 810.180." In defendant's view, that does not apply here, because ORS 810.180 grants authority to designate a speed limit that differs from the statutory speed limits "only if an engineering and traffic investigation" has taken place, ORS 810.180(3)(c); ORS 810.180(5)(b), and it is undisputed that no such study has occurred. The other is a highway where "no speed is posted," in which case subparagraph (d)(F) would dictate a statutory speed limit of 55 miles per hour. In defendant's view, that also would not apply here, because it is undisputed that defendant was stopped where there *was* a posted speed of 55 miles. In sum, in defendant's view, ORS 811.111 does not apply to defendant, because he was not driving on an interstate highway or the beach, he was not driving a specified vehicle, he was not driving on a road with a speed posted by authority of ORS 810.180, but he was driving on a road with a posted speed. In such cases, defendant contends, the proper citation could only have been under ORS 811.100, "Violation of the Basic Speed Rule," and it is undisputed that the state did not charge or prove such a offense.

The only argument that the state offers in opposition is that ORS 811.111 "requires the state to prove only that defendant '[drove] a vehicle on an interstate highway at a speed greater than 65 miles per hour * * *.' Defendant does not assert that the state failed to prove [that fact]." The state's argument is blatantly incorrect. The state's evidence shows that defendant was stopped not on an interstate, but on State Highway 26. Nobody ever asserted that he *was* stopped on an interstate. If, in fact, being stopped on an interstate were something that the state had to prove, its failure to assert that fact does not oblige defendant to disprove it; rather, the failure would independently require dismissal.

Because the outcome of this case hinges on the correct interpretation of statutes, we are obligated to consider interpretations that the state did *not* make. *Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997) ("In construing a

statute, this court is responsible for identifying the correct interpretation, whether or not asserted by the parties."). We can conceive of two interpretations in support of the citation, one of which we conclude is dispositive. The first is that a speed is "posted by authority granted under ORS 810.180," ORS 811.111(1)(d), even if the speed is not a designated speed, but a statutory one. ORS 810.180(1)(b), after all, is the definition of "statutory speed." The problem with that interpretation is that there is only one kind of speed that is *authorized* by ORS 810.180, and that is a designated speed; indeed, a necessary prerequisite of that authorization is a traffic study. We conclude for that reason that the reference in ORS 811.111(1)(d) to a speed greater than the speed "posted by authority granted under ORS 810.180" is a reference to a designated speed.

The second interpretation is that a person violates the speed limit under ORS 811.111(1)(d) when, if no designated speed is posted, the person drives at a speed greater than one of the speeds listed in ORS 811.111(1)(d)(A) to (F). That interpretation requires the conclusion that, in stating that ORS 811.111(1)(d)(A) to (F) extends to situations in which "no speed is posted," the statute's drafters intended to mean "no speed is posted *under authority granted by ORS 810.180.*" Under that interpretation, the phrase "no speed is posted" in the second clause of ORS 811.11(1)(d) must be read as a reference to a designated speed posted under ORS 810.180, rather than to *any* speed posted.

That interpretation is not without its flaws. For example, it is open to the charge that it requires an implicit insertion of text. *See* ORS 174.010 (court shall not insert what legislature omitted). However, one key rule of statutory textual analysis is that of consistency. When the legislature uses an identical phrase in related statutory provisions that were enacted as part of the same law, we generally interpret the phrase to have the same meaning in both sections. *Tharp v. PSRB*, 338 Or 413, 422, 110 P3d 103 (2005). It makes logical sense to apply that rule in this context. When, in the same sentence, the legislature has referred to a certain type of "speed posted," the rule of consistency favors an interpretation that "no speed is posted" refers back to the type of speed previously described.

That interpretation (that "no speed is posted" means no designated speed under ORS 810.180) is consistent with the overall structure of the statute. The paragraphs of ORS 811.111(1), each using slightly different phrasing, describe a violation if the person either (1) exceeds a separately stated speed or (2) exceeds a designated speed posted under ORS 810.180. In each paragraph, the "posted speed" refers to a speed posted under ORS 810.180. Reading the text of ORS 811.111(1)(d) in similar fashion, a person commits the offense of violating the speed limit if, while driving on a highway in any city, the person either (1) exceeds the designated speed, or (2) exceeds the specific speeds listed in ORS 811.111(1)(d) (A) to (F).

We conclude that that is the best reading of the statute. Otherwise, wherever, within a city, there is a sign posted for a speed other than a designated speed, no violation of the speed limit could be cited under ORS 811.111 based on the speeds listed in ORS 811.111(1)(d)(A) to (F), even if the speed that is posted is, in fact, the statutory speed; in that situation, only the basic speed rule could be enforced. That is, essentially, defendant's argument. However, under that interpretation, the statutory speeds set forth in ORS 811.111(1)(d)(A) to (F) could not be both posted and enforced under ORS 811.111—if they are posted, then only the basic speed rule could be enforced. That is an interpretation that we deem implausible.

In interpreting a statute, this court must give effect to the legislature's intent. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). The legislative history confirms that our interpretation is consistent with the legislature's intent. ORS 811.111 was enacted in 2003, Or Laws 2003, ch 819. At the time, "speed limit" areas (as distinct from "basic speed" areas) were defined by urban growth boundaries and county population. Testimony at legislative hearings explained that there was difficulty in determining when a person was driving in a "speed limit" area and when a person was in a "basic rule" area. ORS 811.111 was enacted in part to eliminate that confusion. The testimony is unequivocal that the intention was to clarify that all interstate highways and all roads within cities are subject to speed limits. All noninterstate

roads outside of city limits are under the basic speed rule, unless a different speed limit is designated. *See, e.g.,* Tape Recording, House Committee on Transportation, SB 183, May 2, 2003, Tape 97, Side B at 245 (testimony of Troy Costales, Administrator of Transportation Safety Committee, ODOT; comments of Rep Greenlick).

Thus, in the absence of a different designated speed, 55 miles per hour was the statutory speed limit on Highway 26 within the City of North Plains. ORS 811.111(1)(d)(F). Defendant was stopped for driving 79 miles per hour at a location within the North Plains city limits where there was a sign posting a speed of 55; that speed was the statutory speed and was not a designated speed posted under authority of ORS 810.180. Accordingly, driving a vehicle in that location in excess of that speed was a violation of ORS 811.111(1)(d)(F).[3]

The second way in which defendant contends the citation failed to conform to the requirements of state law was in the imposition of a fine in excess of that stated in the minimum base fine schedule of the State Court Administrator, adopted pursuant to ORS 153.138. ORS 153.125 to 153.145 set forth the method for establishing base fine amounts for violations generally: From time to time the State Court Administrator prepares a schedule of minimum base fine amounts. ORS 153.138. At the relevant time, the base fine amount established by the State Court Administrator for defendant's offense, a Class B violation, ORS 811.109(1)(c), was $242.

ORS 153.142 provides, in part, that

"[b]ase fine amounts established under ORS 153.125 to 153.145 shall be used in preparing summons for violation citations under ORS 153.051 and for such other purposes as may be provided for in this chapter. Any court of this state may adopt higher base fine amounts for violations subject to the jurisdiction of the court."

---

[3] If defendant is contending that the citation should be dismissed because it erroneously described 55 miles per hour as a "designated speed," we reject the contention. Assuming that defendant is correct that there was no designated speed limit at the location where defendant was cited, the statutory speed limit was nonetheless 55 miles per hour, and defendant suffered no prejudice by the citation's mistaken reference to a "designated speed."

Defendant's citation stated a base fine amount of $335. The record shows that that is the base fine for a Class B violation that has been adopted by the Municipal Court Department of the City of North Plains and approved by the city council. The City of North Plains cited ORS 153.142 as authority in its resolution adopting a base fine schedule that is higher than the State Court Administrator's base fine schedule.

Defendant asserts on appeal that (1) the Municipal Court of North Plains lacked authority to adopt a base fine schedule for state violations that differs from the state's schedule; and (2) the citation is fatally defective because it does not state a correct base fine amount. Our resolution of the first contention is dispositive.

As noted, defendant does not dispute on appeal that the location at which he was cited on Highway 26 is within the City of North Plains. ORS 153.142 provides that "[a]ny court of this state may adopt higher base fine amounts for violations subject to the jurisdiction of the court." Municipal courts are courts of this state. ORS 221.339(1) provides:

"A municipal court has concurrent jurisdiction with circuit courts and justice courts over all violations committed or triable in the city where the court is located."

The municipal court of North Plains had concurrent jurisdiction with circuit courts over violations of ORS 811.111 committed within the City of North Plains. Accordingly, the municipal court of North Plains had authority under ORS 153.142 to adopt a base fine schedule for violations of ORS 811.111 that is higher than the base fine schedule adopted by the State Court Administrator. The municipal court of North Plains adopted a different base fine schedule through the resolution of the City of North Plains. Because defendant committed his violation of ORS 811.111 within the city limits of North Plains, the violation was subject to the jurisdiction of the municipal court of North Plains and was also subject to the base fine schedule adopted by that court. We conclude for that reason that the base fine amount stated on defendant's citation was within the city's authority.[4]

_____

[4] It is not disputed that the base fine amount did not exceed the maximum fine allowed for a Class B violation under ORS 153.018.

We reject without discussion defendant's contention that the state failed to establish that defendant committed his violation in the State of Oregon.

Affirmed.